# IN THE COURT OF APPEALS OF IOWA

No. 19-0086
Filed February 5, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**FELIX MEJIA,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge and Thomas P. Murphy, Judge.

Felix Mejia appeals his conviction for indecent exposure. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Doyle, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Felix Mejia appeals his conviction for indecent exposure. On December 17, 2018, the district court found him guilty after a bench trial on the minutes of evidence. On appeal, he argues his counsel was ineffective for failing to ensure his waiver of jury trial was voluntary and intelligent.[1]

We review an ineffective-assistance-of-counsel claim de novo. *State v. Feregrino*, 756 N.W.2d 700, 703 (Iowa 2008). To succeed, the defendant must show counsel breached a duty and prejudice resulted. *Id.* at 705.

Mejia signed a stipulation for a trial on the minutes of evidence. However, he argues his written stipulation is deficient and the court failed to perform a proper colloquy to verify his waiver was voluntary and intelligent. *See* Iowa R. Crim. P. 2.17(1) ("Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record . . . ."). Even if we assume his attorney breached a duty by failing to ensure his waiver was voluntary and intelligent, he must show prejudice resulted. *See Feregrino*, 756 N.W.2d at 708 ("The absence of an oral colloquy or a written waiver does not necessarily prove that a defendant failed to understand the nature of the right waived by proceeding to a non-jury trial."). On the record before us, we cannot determine whether prejudice resulted from his counsel's alleged failure to obtain a proper jury-trial waiver. *See also State v. Gomez Garcia*, 904 N.W.2d 172, 186

---

[1] Effective July 1, 2019, the Iowa legislature prohibited ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). The Iowa Supreme Court recently determined these amendments do not apply to appeals pending before July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 230–36 (Iowa 2019). Because Mejia filed his notice of appeal on January 2, 2019, we will consider his ineffective-assistance claim.

(Iowa 2017) ("The existing record is inadequate to determine whether Gomez Garcia would have declined to waive the jury and was thereby actually prejudiced."). Therefore, we affirm his conviction and preserve his deficient-waiver claim for a postconviction-relief proceeding.

**AFFIRMED.**